OPINION
Roger Sutton appeals from his conviction in the Clark County Common Pleas Court of Robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree.
Sutton's appointed counsel filed an Ander's brief asserting he could find no appealable issue. Sutton was granted leave to file his own brief which he has done so in this matter. Sutton contends the trial court erred in imposing the maximum five year sentence for the robbery conviction.
In imposing sentence, the trial court was required to consider R.C.2929.14(C) which provides:
 "The court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain drug offenders . . . , and upon certain repeat violent offenders . . . ." (Emphasis ours).
 The trial court then made the following findings and ruling:
 "Thank You. There appears no reason why sentence should not now be pronounced. I have read the presentence report. I note an extensive record with time served in the penitentiary.
 The convictions start in-in 1958 with a theft and `59 auto theft and then there was `71 breaking and entering, probation violation from that, time served in the penitentiary, grand larceny, served six months, falsification served time in jail. Felony theft sentenced to the penitentiary two to five years in `76 and then a jail sentence in `88 with that case.
 I further note that in addition to the defendant's extensive criminal record which indicates recidivism is likely, the Court finds the defendant did commit the worst form and that harm was caused to victims of the offense in his attempt to leave the property. People were injured by the defendant.
 There were small children in the car in which the defendant fled. The defendant did receive a considerable break in that the state reduced the charge to a felony of the third degree and dismissed the fleeing and eluding here.
 I think the shortest term would demean the seriousness of the offense and not adequately protect the public. I think the court's concern is punishing the offender and protecting the public from this type of conduct.
 And, therefore, I find the longest term should be imposed here; and guidelines and the factors to be considered in imposing a jail sentence under the Ohio sentencing law, the Court will impose a sentence of five years at the state penitentiary and assess court costs to the defendant. That will be all. Thank You. Tr. (06/22/98) pp. 5, 6
(Emphasis ours).
 The trial court's finding that Sutton's extensive criminal record indicated Sutton's recidivism was likely justified the imposition of the maximum sentence without regard to whether Sutton committed the worst form of robbery. Although Sutton alleges the trial court did not consider a pre-sentence report before imposing sentence, the record suggests otherwise. (Tr. 3 Sentencing, June 22, 1998).
The criminal record recited by the trial court clearly supports the trial court's findings that it should impose a maximum sentence upon Sutton. His assignment of error is overruled.
The judgment of the trial court is Affirmed.
 ___________ BROGAN, J.
WOLFF, PJ., and YOUNG, J., concur.